UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACKIE WALLACE                                    CIVIL ACTION

VERSUS                                            NO. 09-4155

LEON J. CANNIZZARO,                               SECTION "J" (2)
DISTRICT ATTORNEY ET AL.


## REPORT AND RECOMMENDATION

Plaintiff, Jackie Wallace, is a prisoner currently incarcerated in the Orleans Parish

Prison system ("OPP"). He filed this complaint pro se and in forma pauperis pursuant

to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin N. Gusman and

Orleans Parish District Attorney Leon J. Cannizzaro. Plaintiff alleges generally that he

was not adequately informed of the nature of the criminal charges pending against him,

and he asserts claims of malicious prosecution. Record Doc. No. 1, Statement of Claim

Attached to Complaint.

Specifically, Wallace alleges in the "Statement of Claim" attached to his form

Section 1983 complaint that he was arrested on November 3, 2008 on a charge of forgery

in the amount of $2,500.00. According to Wallace's form complaint, he was convicted

in state court based on this arrest on December 17, 2008, id. at ¶ III(A), and he was

sentenced on that conviction. He then alleges that "[w]hile serving the valid sentence . . .

on or approximately on 2/27/09, plaintiff was arrested . . . , transported to the nearest jail

which was Jefferson Parish Jail . . . and was booked as a fugitive." Id. Statement of Claim Attached to Complaint at pp. 1-2. Wallace alleges that after three days in the Jefferson Parish jail, he "was transported to Orleans Parish Jail and booked with a charge of forgery in the amount of $1622.00 on 3/2/09." Id. at p. 2. He complains that he was taken to a bond hearing on or about March 11, 2009, where he was "re-booked" on a new charge of forgery in the amount of $995.55 and advised by the presiding judge that he "was eligible for double billing" based on his December 17, 2008 guilty plea. Id. Wallace states that he pled not guilty to the new forgery charges. Id.

In the relief section of his form complaint, Wallace seeks dismissal of all charges against him, "with no further prosecution of forgery of any checks dated before 11/3/08;" his immediate release from custody and return to "Gateway Recovery Systems to continue t[he] pursuit of recovery, i.e. secure employment [and] housing;" damages in the amount of $7500.00 "for psychological and emotional pain of incarceration;" and an order requiring that his "valid sentence of 2 years probation be credited for time served without fees." Id. ¶ V.

## ANALYSIS

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been

filed in forma pauperis.  28 U.S.C. § 1915A(a); <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim.  28 U.S.C. § 1915A(b)(1).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  <u>Davis v. Scott</u>, 157 F.3d 1003, 1005 (5th Cir. 1998); <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"  <u>Davis</u>, 157 F.3d at 1005 (quoting <u>McCormick v. Stalder</u>, 105 F.3d 1059, 1061 (5th Cir. 1997)).  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section

1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's complaint may be dismissed either under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1] In addition, the habeas corpus aspects of plaintiff's claims must be dismissed without prejudice because plaintiff has not exhausted his state court remedies.

II. MALICIOUS PROSECUTION

Wallace asserts a claim of malicious prosecution arising from the most recent forgery charges lodged against him. The law in the Fifth Circuit concerning the assertion of a malicious prosecution claim under Section 1983 changed significantly with the en banc decision in Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003) (en banc), cert. denied, 125 S.Ct. 33 (2004). Under the Fifth Circuit's case law before Castellano, which the Fifth Circuit itself had described as "confused and confusing," Gordy v. Burns, 294 F.3d 722, 725 (5th Cir. 2000), a plaintiff could assert a claim for malicious prosecution under Section 1983 simply by alleging the elements of the state law tort of malicious

---

[1]Pro se civil rights complaints must be broadly construed, Moore, 30 F.3d at 620, and I have broadly construed the complaint in this case.

prosecution in the state where the deprivation of civil rights had occurred. Formerly, the Fifth Circuit had stated: "[T]he rule in this circuit is that the elements of the state-law tort of malicious prosecution and the elements of the constitutional tort of 'Fourth Amendment malicious prosecution' are coextensive." Id.

Thus, in the federal courts of Louisiana, a Section 1983 plaintiff "had to prove the six elements of malicious prosecution under Louisiana tort law: (1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages." Id. at 727 (citations omitted).

In Castellano, the en banc Fifth Circuit analyzed Gordy and other precedents and found that the "weak discipline" of those cases "has permitted the blending of state tort and constitutional principles." Castellano, 352 F.3d at 945. "With hindsight, our precedent governing § 1983 malicious prosecution claims is a mix of misstatements and omissions which leads to the inconsistencies and difficulties astutely pointed to in Judge Barksdale's dissent from the panel opinion . . . ." Id. at 949.

The en banc Fifth Circuit held that a malicious prosecution claim under Section 1983 based on the elements of state law tort lacks any constitutional underpinning. Thus, "we conclude that no such freestanding constitutional right to be free from malicious

prosecution exists. This conclusion in turn means that we must insist on clarity in the identity of the constitutional violations asserted." Id. at 945.

Judge Duval of this court has cogently summarized the reasoning and holdings of Castellano as follows.

> In Albright v. Oliver, 510 U.S. 266, . . . (1994), the Supreme Court held that it is the Fourth Amendment, and not substantive due process, under which malicious prosecution claims must be judged. Id. at 270. The Court held specifically:
>
>> Where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."
>
> Id. at 273. Sitting en banc, the Fifth Circuit has interpreted the Albright v. Oliver holding to mean that "the assertion of malicious prosecution states no constitutional claim." Castellano, 352 F.3d at 953.
>
> In Castellano, the Fifth Circuit held that "'malicious prosecution' standing alone is no violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law." Id. at 942. "[N]o such freestanding constitutional right to be free from malicious prosecution exists." Id. at 945. The court stated further:
>
>> The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection--the Fourth Amendment if the accused is seized and arrested, for example, or other constitutionally secured rights if a case is further pursued. Such claims of lost constitutional rights are for violation of rights locatable in constitutional text, and some such claims may be made under 42 U.S.C. § 1983. Regardless, they are

> not claims for malicious prosecution and labeling them as
> such only invites confusion.

Id. at 953-54. In requiring that the "anchor of constitutional claims be visible," the Court stated further that "we must insist on clarity in the identity of the constitutional violations asserted." Id. at 960, 945. In sum, the elements necessary to maintain a malicious prosecution . . . are not necessarily adequate to allege a constitutional violation sufficient to invoke § 1983.

Nevertheless, the Castellano court found no reasoned basis for concluding that § 1983 is never available to remedy injuries wrought by a denial of due process. Id. at 956. "Specific constitutional rights guiding a criminal trial do not spend their force merely in assuring a fair trial, but may also support cause of action under § 1983." Id. . . .

. . . .

In Castellano, plaintiff's trial had been severely tainted by the use of perjured and manufactured evidence at trial. Such obviously abhorrent violations of plaintiff Castellano's right to a fair trial rose to the level of a due process violation. However, plaintiff Anderson has alleged no such wrongdoing here . . . . 42 U.S.C. § 1983 simply does not apply here.

Anderson v. City of New Orleans, No.03-3010, 2004 WL 1396325, at *5-6 (E.D. La. June 16, 2004) (Duval, J.).

The same analysis applies to Wallace's malicious prosecution claim in the instant case. He cannot maintain such a claim under Section 1983 without specifically alleging a constitutional violation. However, he may persist in a freestanding due process claim under Castellano for "visible" constitutional right violations arising out of his criminal proceedings.

I find that Wallace has made no such claims because his allegations concerning assertion of new charges against him do not allege a violation of his due process rights.

> Albright rejected the contention that the initiation of criminal proceedings without probable cause is a violation of substantive due process, holding that the petitioner must look to the explicit text of the Fourth Amendment as a source of protection for the "particular sort of government behavior" at issue. To the point, causing charges to be filed without probable cause will not[,] without more[,] violate the Constitution. So defined, the assertion of malicious prosecution states no constitutional claim.

Castellano, 352 F.3d at 953 (citing Albright, 510 U.S. at 271, 273).

Accordingly, plaintiff's claim of malicious prosecution under Section 1983 must be dismissed for failure to state a claim.

III.     PROSECUTORIAL IMMUNITY

Orleans Parish District Attorney Leon J. Cannizzaro apparently has been named as a defendant in this case based solely upon his actions as a prosecutor in connection with state court criminal proceedings against Wallace. To the extent that Wallace asserts claims against the District Attorney in his individual capacity, he is immune from suit.

Courts employ a "functional" test to determine whether officials are entitled to absolute immunity, in which they look to the "nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 227-29 (1988); accord Hill v. City of Seven Points, 31 Fed. Appx. 835, 2002 WL 243261, at *10 (5th Cir. 2002); Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995).

It is well established that prosecutors are immune from liability under Section 1983 for actions taken as an advocate in pursuit of a criminal prosecution. <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 200 (1985); <u>Quinn v. Roach</u>, No. 08-40633, 2009 WL 1181072, at *9 (5th Cir. May 4, 2009); <u>Hill</u>, 2002 WL 243261, at *10. This immunity applies to a prosecutor's actions in "initiating prosecution and carrying [a] criminal case through the judicial process." <u>Id.</u> (quotation omitted); <u>accord</u> <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 270, 272 (1993); <u>Quinn</u>, 2009 WL 1181072, at *9.

Thus, "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'" <u>Esteves v. Brock</u>, 106 F.3d 674, 676 (5th Cir. 1997) (quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976)); <u>accord</u> <u>Quinn</u>, 2009 WL 1181072, at *9; <u>Hill</u>, 2002 WL 243261, at *10. "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." <u>Kerr v. Lyford</u>, 171 F.3d 330, 337 & n.10 (5th Cir. 1999), <u>abrogated in part on other grounds by Castellano v. Fragozo</u>, 352 F.3d 939 (5th Cir. 2003) (quotation omitted); <u>accord</u> <u>Champluvier v. Couch</u>, 309 Fed. Appx. 902, 2009 WL 320829, at *1 (5th Cir. 2009); <u>Hill</u>, 2002 WL 243261, at *10.

In the instant case, the actions of prosecutors in the district attorney's office concerning the criminal charges against Wallace in Orleans Parish form the exclusive basis of plaintiff's claims against the District Attorney. However, the District Attorney's actions in initiating and pursuing the prosecution of Wallace fall well within the ambit of the judicial phase of the criminal process for which prosecutors are immune from liability. Plaintiff has failed to allege any actions in which the district attorney or his assistants were functioning outside the scope of prosecutorial immunity. Therefore, all claims against the Orleans Parish District Attorney in his individual capacity must be dismissed.

While prosecutors enjoy absolute immunity from damages liability, they are not immune from Section 1983 suits seeking injunctive relief. Supreme Ct. v. Consumers Union of U.S., Inc., 446 U.S. 719, 736-37 (1980) (citing Gerstein v. Pugh, 420 U.S. 103 (1975)). Wallace seeks monetary damages but, reading his complaint broadly, he also seeks declaratory and injunctive relief, including his release from confinement.

Thus, the prosecutor is not immune from the declaratory and injunctive relief suit. However, plaintiff's claims against the District Attorney are subject to dismissal with prejudice as legally frivolous or for failure to state a claim for which relief can be granted under Heck v. Humphrey, 512 U.S. 477 (1994), without prejudice to his ability to pursue

his relief in the appropriate habeas corpus petition, as further addressed later in this recommendation.

IV.    HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

To whatever extent, if any, that plaintiff seeks either injunctive relief or damages, plaintiff's claims must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks

injunctive relief.  <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his present confinement. <u>Heck</u>, 512 U.S. at 479; <u>Arnold v. Town of Slaughter</u>, No. 03-30941, 2004 WL 1336637, at *3-4 (5th Cir. June 14, 2004); <u>Hainze v. Richards</u>, 207 F.3d 795, 799 (5th Cir. 2000); <u>Boyd v. Biggers</u>, 31 F.3d 279, 283 (5th Cir. 1994).  The charges he challenges in this case remain pending against him, and they have not been set aside in any of the ways described in <u>Heck</u>.  Thus, any claims for damages or other relief that plaintiff asserts concerning his current incarceration are premature and must be dismissed.  As the Fifth Circuit has noted, the dismissal of plaintiff's claims is with prejudice to their being asserted again until the <u>Heck</u> conditions are met.  <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

V.    <u>HABEAS CORPUS CLAIMS</u>

As noted above, Wallace's complaint in part challenges the very fact and duration of his current confinement on pending forgery charges.  Although his complaint is styled as a civil rights action under 42 U.S.C. § 1983 and filed on a form normally reserved for Section 1983 complaints, he clearly challenges the validity of his current incarceration and the pending criminal charges and seeks his release.  This Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Wallace filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his conviction and confinement. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court before requesting federal collateral relief. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); Nobles v. Johnson, 127 F.3d 409, 419 (5th Cir. 1997). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20)).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor,

404 U.S. 270, 275-78 (1971)). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement. . . . This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." Id. (citing Picard, 404 U.S. at 275-78; Nobles, 127 F.3d at 420). A court may notice sua sponte the lack of exhaustion. McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

In the present case, Wallace does not allege and there is no proof that he has exhausted his state court remedies in connection with his current incarceration on the pending criminal charges. On the contrary, on the first page of his complaint, Wallace indicates that he has not begun any other lawsuits in state or federal court dealing with the same facts involved in this action. Record Doc. No. 1, Complaint at p.1, ¶ I.A. He does not indicate that he sought review of the new criminal charges pending against him through the state courts. Furthermore, research by staff of the undersigned magistrate judge with the Louisiana Supreme Court clerk's office indicates that Wallace has not sought review in the Louisiana Supreme Court. Accordingly, plaintiff's claims seeking habeas corpus relief must be dismissed without prejudice to allow him to pursue state court appellate and post-conviction remedies concerning his criminal conviction, before returning to this court with a properly filed habeas corpus petition.

# RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), or under <u>Heck</u>.

**IT IS FURTHER RECOMMENDED** that all habeas corpus claims asserted in plaintiff's 1983 complaint be **DISMISSED WITHOUT PREJUDICE** to Wallace's ability to file a proper habeas corpus proceeding after exhaustion of state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___23rd___ day of September, 2009.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

15